J. M. LEE, as Comptroller, v. CARL E. BECK.

163 So. 495.

Opinion Filed September 27, 1935.

Rehearing Denied October 18, 1935.

*Cary D. Landis,* Attorney General, *H. E. Carter* and *J. V. Keen,* Assistants, *Philip D. Beall* and *Beacham & Gaulden,* for Appellant;

*Henry E. Williams* and *Paul Lake,* for Appellee.

TERRELL, J.—The ultimate purpose of this suit was similar to that sought to be accomplished in City of Miami, *et al.,* v. J. M. Lee, *et al.,* decided and filed this date. The bill of complaint here is directed solely against J. M. Lee as comptroller, and prays that he be restrained from taking any steps necessary to the enforcement of Chapter 17257, Acts of 1935, and that the said Act be decreed to be null and void because (1) Its title and its body are in conflict, (2) Subparagraph 3 of Section 2 and sub-paragraph 4 of Section 2 are repugnant and in irreconcilable conflict, (3) It is so vague, indefinite, and uncertain as to be incapable of enforcement, (4) It delegates power to the Comptroller to impose a tax, (3) It otherwise delegates unlawful power to the Comptroller, (6) In the imposition of the license tax it departs from the requirement of uniformity, (7) It authorizes double taxation, (8) It delegates governmental power to the Comptroller that is vested by the Constitution in the Governor of the State.

On application for temporary restraining order the chancellor enjoined the enforcement of the Act as to automatic coin-operating vending and amusement machines defined in Paragraph 1, Section 2 thereof on the ground that the operation of such machines constituted a lottery in violation of Section 23 of Article III of the Constitution. All other relief prayed for was denied. The instant appeal was prosecuted from that decree.

The main appeal was limited to that part of the decree granting the temporary restraining order but the defendant filed cross assignments of error based on that part of the

decree denying the relief prayed for. There are nine cross assignments of error, the sixth and seventh being abandoned in this Court.

On the main appeal we are confronted with the identical question that we adjudicated in City of Miami, *et al.,* v. J. M. Lee, *et al.,* decided and filed this date. We see no purpose to be subserved by a further discussion of that question here so the judgment below is reversed on authority of the last entitled case.

We have carefully examined all questions raised on the cross appeal and we are not convinced that reversible error was committed. We cannot commend the draughtmanship of the Act but think it sufficient to withstand the assault made on it. Other questions presented effecting it are settled contrary to the contention of cross appellant by decisions of this Court.

It follows that the judgment below must be and is hereby affirmed in part and reversed in part.

Affirmed in part, reversed in part.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur.

BUFORD, J., dissents in part.

BUFORD, J. (dissenting in part).—I dissent from the conclusion reached in the majority opinion in this case upon the ground set forth in my opinion dissenting in part to the majority opinion in the case of Lee, Comptroller, *et al.,* v City of Miami, a Municipal Corporation, filed this date.